1  **WO**
2
3
4
5
6            **IN THE UNITED STATES DISTRICT COURT**
7                  **FOR THE DISTRICT OF ARIZONA**
8

| | |
|---|---|
| Arlene Chute Guina, | No. CV-17-01890-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is claimant Arlene Chute Guina's appeal of the Social Security Administration's (SSA) decision to deny disability insurance benefits. (Doc. 15). For the following reasons, the Court vacates the decision and remands for additional proceedings.

**BACKGROUND**

Ms. Guina filed a claim for disability benefits on June 19, 2013. (Tr. 19). She alleged that she suffered from various impairments and has been disabled since September 1, 2008. (Tr. 19, 21). The claim was denied, and Ms. Guina then appeared before Administrative Law Judge Kelly Walls on September 15, 2014. (Tr. 19). In evaluating whether Ms. Guina was disabled, the ALJ undertook the five-step sequential evaluation for determining disability.[1] (Tr. 23–24).

---

[1] The five-step sequential evaluation of disability is set out in 20 C.F.R. § 404.1520 (governing disability insurance benefits) and 20 C.F.R. § 416.920 (governing supplemental security income). Under the test:

> A claimant must be found disabled if she proves: (1) that she is not presently engaged in a substantial gainful activity[,] (2)

At step one, the ALJ found that Ms. Guina had not engaged in substantial gainful activity since the alleged onset date of September 1, 2008. (Tr. 21). At step two, the ALJ determined that Ms. Guina suffered from the following severe impairments: hyperlipidemia, hypothyroidism, moderate obstructive sleep apnea, mononucleosis, and cervical spine degenerative disc disease. (Tr. 21). Also at step two, the ALJ determined that the medical record did not support Ms. Guina's claim that she suffered from fibromyalgia and chronic fatigue syndrome ("CFS"). (Tr. 21–23). At step three, the ALJ determined that none of these impairments, either alone or in combination, significantly limited her ability to perform basic work-related activities for twelve consecutive months, and Ms. Guina did not qualify for disability benefits. (Tr. 24–28). Ms. Guina filed a complaint in Federal Court on June 19, 2017 to appeal the denial of benefits. (Doc. 1).

**DISCUSSION**

**I. Standard of Review**

A reviewing federal court will only address the issues raised by the claimant in the appeal from the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). A federal court may set aside a denial of disability benefits only if that denial is either unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*,

---

> that her disability is severe, and (3) that her impairment meets or equals one of the specific impairments described in the regulations. If the impairment does not meet or equal one of the specific impairments described in the regulations, the claimant can still establish a prima facie case of disability by proving at step four that in addition to the first two requirements, she is not able to perform any work that she has done in the past. Once the claimant establishes a prima facie case, the burden of proof shifts to the agency at step five to demonstrate that the claimant can perform a significant number of other jobs in the national economy. This step-five determination is made on the basis of four factors: the claimant's residual functional capacity, age, work experience and education.

*Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir. 2007) (internal quotation marks and citations omitted).

53 F.3d 1035, 1039 (9th Cir. 1995). "When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). This is so because "[t]he [ALJ] and not the reviewing court must resolve conflicts in evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citations omitted). A reviewing court may draw specific and legitimate inferences from an ALJ's decision, but it cannot speculate on the ALJ's reasoning or make "post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

**II.  Analysis**

   **A.   Dr. Scott Rigden**

Ms. Guina argued that the ALJ failed to properly consider treating physician Scott Rigden's opinion that Ms. Guina suffers from CFS. (Doc. 15). The Government agreed that the ALJ erred in reviewing Dr. Rigden's opinion and in concluding that CFS was not a medically determinable impairment. (Doc. 16 at 4).

In short, the ALJ determined that Ms. Guina did not suffer from CFS because the "objective medical signs and findings, as well as the diagnoses, of chronic fatigue syndrome . . . were not made by an acceptable medical source" but were made by naturopathic medical doctors. (Tr. 22). The ALJ noted that Dr. Scott Rigden, an acceptable medical source, cosigned the diagnosis with the naturopathic doctors, but the ALJ assigned no weight to Dr. Rigden's opinion. (Tr. 22). She based this decision on the fact that "there is no indication in the record that Dr. Rigden ever treated the claimant for chronic fatigue." (Tr. 22). The ALJ noted that "[o]n this record, it appears that Dr. Rigden only participated in the claimant's treatment for sleep apnea." (Tr. 22). However, as the government concedes, the ALJ erred in this conclusion. Dr. Rigden treated Ms. Guina as early as June 2009 for various conditions, including fatigue. (Tr. 418–20). In March 2010, he noted that Ms. Guina was lethargic and had limited energy.

(Tr. 636). In February 2011, he had a follow up visit for CFS. (Tr. 843). In October 2011, he had a follow up visit for CFS. (Tr. 843). In January 2013, he had a follow up visit for CFS and again noted CFS in his diagnosis. (Tr. 840). In August 2013, he noted that Ms. Guina was "extreme[ly] lethargic" and was "in bed most of the time." (Tr. 629). In October 2014, he had a follow up visit for fatigue. (Tr. 836).

The ALJ erred in its review of Dr. Rigden's opinion.

## B. Harmless Error

Once it has been determined that an ALJ erred during the review of a claimant's file, the next step is to determine whether the error was prejudicial. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (applying the harmless error standard). An error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion." *Molinav. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations omitted). "[A] reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin,* 454 F.3d 1050, 1055–56 (9th Cir. 2006). Ninth Circuit precedents "do not quantify the degree of certainty needed to conclude that an ALJ's error was harmless." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). However, "where the magnitude of an ALJ error is more significant, then the degree of certainty of harmlessness must also be heightened before an error can be determined to be harmless." *Id.*

This error was prejudicial. After determining that chronic fatigue was not one of Ms. Guina's medically determinable impairments, the ALJ did not address CFS in its later decision that Ms. Guina was not significantly limited in her ability to perform work-related activities. (Tr. 24–28). Although the ALJ relied on state agency medical examiners, the ALJ did not address or discredit Dr. Rigden's competing opinion that Ms. Guina's chronic fatigue was disabling. (Tr. 26–27). Dr. Rigden treated Ms. Guina for the entirety of the alleged period of disability, (Tr. 419, 836), and regularly noted that she

had low energy and was in bed most of the time, (Tr. 629, 636, 840), which would have potentially limited the ALJ's reliance on the state agency examiners. (Tr. 26). Failing to properly review a treating physician's testimony is a significant error. Considering the lack of discussion of a treating doctor's opinion, the Court cannot confidently conclude that no reasonable ALJ, when fully considering Dr. Rigden's treating testimony, could have reached a different disability determination. *Stout,* 454 F.3d at 1055–56.

Additionally, the Court hesitates to consider Dr. Rigden's testimony concerning fatigue when the ALJ did not address his opinion on this issue. "[T]he decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Marsh*, 792 F.3d at 1173 (citing 20 C.F.R. § 404.1527(d)(1)-(3)). And, the Court cannot speculate on the ALJ's reasoning or make "post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray*, 554 F.3d at 1225.

### C. Remand for Additional Proceedings

When a court finds that the ALJ committed harmful error, the Social Security Act "makes clear that courts are empowered to . . . modify[ ] or reverse a decision by the Commissioner 'with or without remanding the case for a rehearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (quoting § 405(g)). "[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (citation omitted).

Ms. Guina conceded that the case should be remanded for additional proceedings. (Doc. 15 at 17). Given the need to resolve the conflict of opinion concerning Ms. Guina's chronic fatigue, the Court agrees that remand is appropriate.

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

**IT IS HEREBY ORDERED** that the ALJ's decision is vacated and remanded for additional proceedings. The Clerk of the Court is directed to enter judgment accordingly.

Dated this 28th day of June, 2018.

_____
Honorable G. Murray Snow
United States District Judge